Michael C. Eyerly (SBN 178693)
eyerly@dbelegal.com
**DEBLASE BROWN EYERLY LLP**
680 S. Santa Fe Ave.
Los Angeles, CA 90021
Telephone: (310) 575-9955
Facsimile: (310) 575-9919

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ANISSA MOLDE-DUQUE, PARI GUNASEKARAN, SHIPHALIKA MAHESH, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>HH RIVERSIDE PROPERTY LLC, a Delaware limited liability company, HH FUND, a business entity, form unknown, HH RED STONE PROPERTIES, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO.:  5:20-cv-2678<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF** |

1.     This year has been a difficult one. For college students, the COVID-19 Pandemic initially brought uncertainty as schools grappled with whether, when and how students would attend classes in 2020. Students were left with little information or guidance as the 2020/2021 school year approached. Students continued to make plans and arrangements, including finding student housing, hopeful they would be able to attend.

2.     Then, COVID-19 changed everything. COVID-19 would close down college campuses throughout California. Classes would be taught on-line and students would stay home.

3.     Plaintiffs are all students at University of California, Riverside ("UCR"). Early in the year, Plaintiffs signed lease agreements for off-campus student housing at the GrandMarc at University Village ("GrandMarc") located at 3549 Iowa Avenue in Riverside, California, for the 2020/2021 school year beginning on or about September 1, 2020. GrandMarc consists of 212 student apartments housing 752 residents. It is within walking distance of UCR. Rents range from about $900 to about $1,550 a month.

4.     Every GrandMarc lease agreement for the 2020/2021 school year contains an identical Early Termination Addendum (the "Addendum"), the whole purpose of which is to give students the right to terminate the lease agreement prior to the end of the lease term. The Addendum specifically recognizes "that unforeseen circumstances may create a need for Resident to terminate the Lease Contract early." The Addendum states that residents "will be permitted to terminate the Lease Contract early and avoid any potential liability for the payment of rent through the remainder of the lease term" if they provide requisite written notice and pay an early termination fee.

5.     However, after UCR students, including Plaintiffs, sought early least termination, Defendants came up with a rather tortured interpretation of the Addendum. Defendants continue to fail to recognize these students' early termination

2

rights, instead taking the untenable position that the second sentence of the second paragraph in section 2 of the Addendum vests the owner Defendants with the complete and sole discretion to terminate the lease -- or not. But, that is not what the Addendum allows.

6.     Even after cashing Plaintiffs' early termination payments, Defendants are still demanding immediate payment of the *full* lease term amount from these students. And, Defendants are threatening to send these students, including Plaintiffs, and their guarantors (*i.e.*, their parents), to collection and report them to the credit bureaus. Defendants' actions are causing Plaintiffs a great deal of anxiety and uncertainty. These students, and their parents, don't know if Defendant's interpretation of the Addendum is valid or not, or if they should continue to pay rent despite having complied with the early termination procedures, or if the Addendum does, in fact, allow them to terminate the lease agreement early.

7.     This action for declaratory relief is brought to adjudicate the meaning of the terms in the Early Termination Addendum and whether it confers Plaintiffs, and class members, with the right to terminate the lease early without first finding another renter for their units, and determine what rights and obligations the Addendum imposes on Plaintiffs and Defendant owners.

## PARTIES

8.     Plaintiff Anissa Molde-Duque is a natural person. She is a citizen of California. She currently resides in Diamond Bar, California.

9.     Plaintiff Pari Gunasekaran is a natural person. He is a citizen of California. He currently resides in Fremont, California.

10.     Plaintiff Shiphalika Mahesh is a natural person. She is a citizen of California. She currently resides in Irvine, California.

11.     Defendant H H Riverside Property LLC is a limited liability company existing under the laws of the State of Delaware, with its principal place of business located at 100 International Drive, Suite 2374, Baltimore, Maryland. HH Riverside

1    Property LLC conducts business in the State of California and in this District. Upon
2    information and belief Defendant owns and/or operates the GrandMarc at University
3    Village located at 3549 Iowa Avenue in Riverside, California

4         12.    Defendant HH Fund is a private equity firm specializing in student
5    housing real estate investment, with its principal place of business located at 1100
6    Wayne Avenue, Silver Spring, Maryland. HH Fund holds itself out as an owner and
7    manager of the GrandMarc at University Village located at 3549 Iowa Avenue in
8    Riverside, California. Defendant conducts business in the State of California and in
9    this District.

10         13.    Defendant HH Red Stone Properties, LLC is a limited liability company
11    existing under the laws of the State of Delaware, with its principal place of business
12    located at 1100 Wayne Avenue, Silver Spring, Maryland. HH Red Stone Properties,
13    LLC holds itself out as an owner and manager of the GrandMarc at University Village
14    located at 3549 Iowa Avenue in Riverside, California. Defendant conducts business in
15    the State of California and in this District.

16         14.    Defendants DOE 1 through 10, inclusive, are yet to be identified entities
17    and individuals who are owners of the GrandMarc and are bound by the terms and
18    conditions of the Lease Contracts and the Early Termination Addendum, contained
19    therein. The DOE Defendants will be identified by and through discovery.

20    **<u>VENUE AND JURISDICTION</u>**

21         15.    The Court has jurisdiction over the subject matter of this action pursuant
22    to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000 and the
23    class is comprised of at least some persons who are citizens of a state different from
24    Defendant.

25         16.    This Court has personal jurisdiction over Defendants because Defendants
26    do continuous business in this District.

27         17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because
28    Plaintiffs Anissa Molde-Duque and Shiphalika Mahesh are residents of this District,

4

1  Defendants do business in this District, the GrandMarc at University Village, which is

2  the subject to the Lease Contracts and the Early Termination Addendum at issue is

3  situated in this District, a substantial part of the events giving rise to the matters in

4  controversy occurred in this District.

5                          **FACTUAL ALLEGATIONS**

6          18.    Defendants own and manage off-campus student housing. Defendants

7  tout themselves as being among the fastest growing such companies, with a "focus on

8  asset management to drive their portfolio performance to exceed market

9  expectations." Defendants' portfolio of properties consists of properties in

10  advantageous locations near large universities.

11          19.    Included in Defendants' property holdings is the GrandMarc at

12  University Village, located at 3549 Iowa Avenue in Riverside, California. It is located

13  in close proximity to the University of California, Riverside ("UCR").

14          20.    GrandMarc consists of 212 student apartments housing 752 residents.

15  Rents range from about $900 to about $1,550 a month. Aside from the varying rents,

16  the Lease Contracts for these apartments are substantially identical. Units are rented

17  for fixed terms loosely coinciding with the academic school year, i.e., starting in the

18  fall of one calendar year and running through the end of summer of the following

19  calendar year.

20          21.    GrandMarc Lease Contracts covering the 2020/2021 school year contain

21  identical Early Termination Addendums. Attached hereto as Exhibits 1, 2 and 3, and

22  fully incorporated herein by reference, are the Early Termination Addendums made

23  part of the respective named Plaintiffs' Lease Contracts. With the exception of the

24  amount of the early termination fee, the terms and conditions set forth in the Early

25  Termination Addendums are the same.

26          22.    The Early Termination Addendum is expressly made part of the

27  Residential Lease Contract. Further, "[w]here the terms and conditions of this

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

1  Addendum vary or conflict with the terms and conditions of the Agreement, the terms
2  and conditions of this Addendum shall control."

3      23.    The Early Termination Addendum expresses the purpose of the
4  Addendum "is to give Resident an opportunity to terminate the Lease Contract prior to
5  the end of the lease term." "Owner understands that unforeseen circumstances may
6  create a need for Resident to terminate the Lease Contract early."

7      24.    Section 1 of the Addendum, entitled "EARLY TERMINATION
8  PROCEDURES," states that "Resident will be permitted to terminate the Lease
9  Contract early and avoid any potential liability for the payment of rent through the
10 remainder of the lease term" if the Resident follows a number of specified instructions
11 and conditions.

12     25.    Plaintiffs are all students at University of California, Riverside ("UCR").
13 Early in the year, Plaintiffs signed lease agreements for off-campus student housing at
14 the GrandMarc at University Village ("GrandMarc") located at 3549 Iowa Avenue in
15 Riverside, California, for the 2020/2021 school year, beginning on or about
16 September 1, 2020.

17     26.    On or about January 22, 2020, Plaintiff Anissa Molde-Duque entered a
18 Lease Contract with Defendants for an apartment at GrandMarc. The lease start date is
19 September 27, 2020 and the end date is August 27, 2021. The first rent payment due
20 date is listed as September 1, 2020. The final rent payment due date is August 1, 2021.
21 The rent payment amount is $937.95 per month.

22     27.    On or about June 25, 2020, Plaintiff Anissa Molde-Duque inquired of
23 Defendants as to how she could terminate her lease agreement. Plaintiff was referred
24 to the Early Termination Addendum and told by Defendants that not only would she
25 be responsible to paying the early termination fee, but that she was also required to
26 find a replacement renter and that she was required to continue paying rent until she
27 found a suitable replacement. Defendants cited to section 2 of the Early Termination
28 Addendum, entitled "RELETTING EFFORTS." Defendants highlighted and

6

emphasized the second sentence in the second paragraph of section 2, telling Ms. Molde-Duque that the following language in the Early Termination Addendum required her to obtain a suitable replacement renter:

> RELETTING EFFORTS. Once Resident gives Owner the written notice of early termination, the Lease Contract gives Owner the right to begin showing the Leased Premises to prospective residents. It is understood that Owner will tell prospective residents that the Leased Premises will be available immediately after the early termination date.
>
> Resident must notify Owner if moving out by the early termination date becomes a problem. **If the Leased Premises has not been re-rented, Owner, in its sole discretion, may extend the early termination date to a later date**. Since Owner and any successor residents will be relying on Resident moving out on or before the early termination date, Resident must not hold over beyond the date stated in the written notice of early termination without Owner's prior written consent.

28.    Plaintiff Ms. Molde-Duque was, in fact, told the same thing by Defendants in August 2020, when she again told Defendants that she wished to terminate her lease early. Again, Defendants told her she must find a suitable replacement renter before she would be permitted to terminate her lease. Again, Defendants told her to refer to the second sentence in the second paragraph of section 2 of the Early Termination Addendum. Again, Defendants told Ms. Molde-Duque that the Addendum conferred Defendants with the sole discretion to allow early termination.

29.    On October 3, 2020, Plaintiff Anissa Molde-Duque provided written 30 days notice of early termination pursuant to the Early Termination Agreement. She set forth the early termination date (i.e. the new move-out date) of November 4, 2020 in

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

1  her written notice. She paid the early termination fee and had paid rent to Defendants

2  for September, October and November of 2020.

3      30.    On November 4, 2020, Defendants informed Plaintiff Anissa-Molde-

4  Duque that it was "exercising the right to extend the Early Termination date" because

5  the unit had not been re-rented as of November 4, 2020.

6      31.    On or about December 4, 2020, Defendants issued a "Final account

7  statement – Revised" to Plaintiff Anissa-Molde-Duque in which Defendants demand

8  payment of $8,358.00, the balance of the full lease term, within 14 days or "the

9  account will be turned over for collection efforts."

10     32.    On or about January 25, 2020, Plaintiff Pari Gunsekaran entered a Lease

11 Contract with Defendants for an apartment at GrandMarc. The lease start date is

12 September 27, 2020 and the end date is August 27, 2021. The first rent payment due

13 date is listed as September 1, 2020. The final rent payment due date is August 1, 2021.

14 The rent payment amount is $940.95 per month.

15     33.    On or about August 17, 2020, Plaintiff Pari Gunasekaran provided

16 written 30 days notice of early termination pursuant to the Early Termination

17 Agreement. He set forth the early termination date (i.e. the new move-out date) of

18 September 27, 2020 in his written notice. He paid the early termination fee.

19     34.    Defendants responded to Mr. Gunasekaran on August 18, 2020, stating

20 that the terms of the Early Termination Addendum required him to find a replacement

21 tenant before he could early terminate his lease. Defendants cited to section 2 of the

22 Early Termination Addendum, entitled "RELETTING EFFORTS." Defendants

23 highlighted and emphasized the second sentence in the second paragraph of section 2,

24 telling Mr. Gunasekaran that the following language in the Early Termination

25 Addendum required him to obtain a suitable replacement renter:

26          RELETTING EFFORTS. Once Resident gives Owner the written notice

27          of early termination, the Lease Contract gives Owner the right to begin

28          showing the Leased Premises to prospective residents. It is understood

8

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

that Owner will tell prospective residents that the Leased Premises will be available immediately after the early termination date.

Resident must notify Owner if moving out by the early termination date becomes a problem. **If the Leased Premises has not been re-rented, Owner, in its sole discretion, may extend the early termination date to a later date.** Since Owner and any successor residents will be relying on Resident moving out on or before the early termination date, Resident must not hold over beyond the date stated in the written notice of early termination without Owner's prior written consent.

35. On October 26, 2020, Defendants informed Plaintiff Gunasekaran that "GrandMarc is exercising the right to extend the Early Termination date" because the unit had not been re-rented.

36. On or about November 10, 2020, Defendants issued a "Final account statement" to Plaintiff Gunasekaran in which Defendants demand payment of $10,626.59, the balance of the full lease term within 14 days or "the account will be turned over for collection efforts."

37. On or about November 20, 2020, Defendants sent another demand for payment to HH Riverside Property LLC in the amount of $10,626.59 within 15 days or Defendants will "proceed with its legal rights and remedies. This may include us seeking late fees, interest, any additional costs and attorneys' fees pursuant to the Lease."

38. On or about January 24, 2020, Plaintiff Shiphalika Mahesh entered a Lease Contract with Defendants for an apartment at GrandMarc. The lease start date is September 27, 2020 and the end date is August 27, 2021. The first rent payment due date is listed as September 1, 2020. The final rent payment due date is August 1, 2021. The rent payment amount is $952.95 per month.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

39.    On or about October 12, 2020, Plaintiff Shiphalika Mahesh provided written 30 days notice of early termination pursuant to the Early Termination Agreement. She set forth the early termination date (i.e. the new move-out date) of November 16, 2020 in her written notice. She paid the early termination fee on October 14, 2020.

40.    Defendants informed Plaintiff Shiphalika Mahesh that the terms of the Early Termination Addendum required her to find a replacement tenant before she can early terminate her lease. As with all other Plaintiffs, Defendants cited to section 2 of the Early Termination Addendum. Again, Defendants assert that the following highlighted provision vests Defendants with sole authority and discretion over early termination:

> "Resident must notify Owner if moving out by the early termination date becomes a problem. **If the Leased Premises has not been re-rented, Owner, in its sole discretion, may extend the early termination date to a later date.** Since Owner and any successor residents will be relying on Resident moving out on or before the early termination date, Resident must not hold over beyond the date stated in the written notice of early termination without Owner's prior written consent.

41.    On or about December 23, 2020, Defendants issued a "Final account statement" to Plaintiff Shiphalika Mahesh in which Defendants demand payment of $8,651.55, the balance of the full lease term within 14 days or "the account will be turned over for collection efforts."

42.    All Lease Contracts also contain an attorney's fee and costs clause, whereby the fees and costs are payable to the prevailing party for any action related to the Lease Contracts.

43.    An actual controversy has arisen and now exists between Plaintiffs, and all others similarly situated, and Defendants relating to the meaning of the Early Termination Agreement in dispute and the rights and obligations it conveys to the

10

1  respective parties, for with Plaintiffs, and all others similarly situated, desire a

2  declaration of rights.

3      44.    A declaratory judgment is necessary in that Plaintiffs, individually and on

4  behalf of all others similarly situated, contend and Defendants deny, that the Early

5  Termination Addendum allows residents the right terminate their Lease Contracts

6  prior to the end of the lease term if the procedures set forth in section 1 of the Early

7  Termination Addendum, entitled "EARLY TERMINATION PROCURES" are met.

8      45.    Defendants, on the other hand, contend, and Plaintiffs deny, that residents

9  are required to obtain replacement renters for their units as a condition precedent to

10  early termination and Defendants have the sole discretion, as a matter of right, to

11  extend residents' early termination date to a later date if the unit has not been re-

12  rented.

13      46.    Plaintiffs, individually and on behalf of all others similarly situated, seek

14  a declaration to resolve the disputes concerning the terms and conditions of the Early

15  Termination Agreement and the parties' rights and duties thereunder. Declaratory

16  relief would allow parties, uncertain of their rights and obligations under the Early

17  Termination Agreement, to avoid causing preventable damages and promotes judicial

18  efficiency by avoiding a great deal of potential future litigation.

19                          **CLASS ACTION ALLEGATIONS**

20      Plaintiffs reallege the foregoing paragraphs of this Complaint as though fully

21  set forth herein.

22      47.    Plaintiffs bring this action as a class action for declaratory relief pursuant

23  to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following

24  Class:

25      All persons who entered into a Lease Contract for housing at the
    GrandMarc at University Village for the 2020/2021 school year

26      and which includes an Early Termination Addendum. ("Class
    Definition" or "Class")

27

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

48.    Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, including without limitation persons who are officers, directors, employees, agents, associates or partners of Defendants, and Plaintiffs' Counsel and employees of their firms.

49.    This action is properly maintained as a class action.  The Class satisfies all of the requirements of Rule 23 for maintaining a class action.

50.    **Ascertainability.**  The members of the Class (collectively "class members") are known to Defendants.  Their identities are recorded in Defendants' business records and on the Lease Contracts.  Moreover, the Class Definition enables every putative class member to identify himself or herself as a member of the Class.

51.    **Numerosity.**  The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.  Plaintiffs believe there are hundreds of members of the Class, who are geographically dispersed throughout California and other states.

52.    **Existence and predominance of common questions of law or fact.** There are questions of law or fact that are common to the Class, which predominate over questions affecting any individual class member.  The Early Termination Addendum is substantially identical as to all residents of GrandMarc. The meaning of the terms and conditions of the Early Termination Addendum, which is sought herein, will be identical to all residents.

53.    Common questions of law or fact include without limitation:

a.    What is the proper interpretation of the Early Termination Addendum;

b.    What rights and obligations does the Early Termination Addendum convey to Defendants;

c.    What rights and responsibilities does the Early Termination Addendum convey to residents;

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

d.     Whether the Early Termination Addendum vests Defendants with the sole discretion and authority to extend the early termination date;

e.     Whether residents' right to early termination under the Early Termination Addendum is conditioned on obtaining a replacement renter for their units.

54.     **Typicality.**  The claims of Plaintiffs are typical of those of the class members, and Defendant has no defenses that are unique to Plaintiffs.

55.     **Adequacy of representation.**  Plaintiffs will fairly and adequately protect the interests of the class and has no interests adverse or antagonistic to the interests of the other members of the class.  Plaintiffs have retained competent counsel, who are experienced in the prosecution of class action litigation.

56.     **Superiority.** A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein.  A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of time and expense that the prosecution of numerous individual actions would entail. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of in this action. Plaintiffs do not anticipate any unusual difficulties in the management of this class action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for a declaratory judgment against Defendant as follows:

1.     Certification of Plaintiffs' claim as a class action, pursuant to Fed. R. Civ. P. 23(b)(2) & (3), on behalf of the proposed Class;

2.     That the Court declare the rights and duties of Plaintiffs and the Class to early termination according to Early Termination Addendum;

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

3.  That the Court declare Defendants do not have the right to deny early termination to Plaintiffs and the Class or to unilaterally extend the early termination date;

4.  That the Court declare that Plaintiffs and the Class are entitled to early termination if the early termination procedures set forth in section 1 of the Early Termination Agreement, entitled "EARLY TERMINATION PROCEDURES" are met;

5.  That the Court declare that the second sentence in the second paragraph of section 2., to the Early Termination Addendum, entitled "RELETTING EFFORTS," does not entitle Defendants to extend the early termination date in its sole discretion in all instances;

6.  An award of reasonable attorneys' fees on behalf of Plaintiffs and the Class, pursuant to the attorney's fee provision of the Lease Contract and/or other applicable contract law;

7.  An award of costs of suit on behalf of Plaintiffs and the Class, pursuant to applicable provision of the Lease Contract and/or other applicable contract law;

8.  Such other and further relief that the court may deem just and proper.


DATED: December 31, 2020                Respectfully submitted,



                                        Michael Eyerly
                                        Attorney for Plaintiffs and the Proposed Class

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF